UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Chad Branch,

    Plaintiff,

        v.               Case No. 1:23cv465

Ohio Department of Rehabilitation        Judge Michael R. Barrett
and Corrections, *et al.*,

    Defendants.

**ORDER**

This matter is before the Court upon the Motion to Dismiss filed by Defendants, Ohio Department of Rehabilitation and Correction ("ODRC"), Annette Chambers-Smith, Director of the ODRC and Warden Chae Harris, ("State Defendants"). (Doc. 19). Plaintiff filed a Response in Opposition (Doc. 21); and the State Defendants filed a Reply (Doc. 22).

**I.  BACKGROUND**

Plaintiff, Chad Branch, brings his claims based on an incident which occurred while he was an inmate at the Lebanon Correctional Institution. (Doc. 5, PAGEID 39).[1] According to his Amended Complaint, on December 5, 2021, Plaintiff was exercising in the segregation recreation cage. (Doc. 5, PAGEID 41). Defendant Wilson brought another prisoner, Defendant Christopher Duncan, into the segregation recreation cage.

---

[1] Lebanon Correctional Institution is operated by the Ohio Department of Rehabilitation and Correction ("ODRC").

(Doc. 5, PAGEID 41).[2]  Plaintiff told Wilson he did not want to be in the recreation cage with Duncan because he did not want to fight with Duncan. (Doc. 5, PAGEID 41). Duncan then assaulted Plaintiff and knocked him to the floor. (Doc. 5, PAGEID 41). Duncan did nothing to stop the attack and did not provide medical attention after the attack. (Doc. 5, PAGEID 42). Instead, Duncan returned Plaintiff to his cell and another inmate called for help. (Doc. 5, PAGEID 42). Plaintiff was taken to the hospital and treated for a fractured jaw. (Doc. 5, PAGEID 43). After he returned from the hospital, Plaintiff was to remain on a liquid diet for two weeks. (Doc. 5, PAGEID 43). However, an unknown correctional officer discontinued his liquid diet and Plaintiff went without any liquid food for several days. (Doc. 5, PAGEID 43).

Plaintiff's Amended Complaint sets forth the following claims: (1) violations of the Eighth Amendment under 42 U.S.C. § 1983; (2) negligent training, supervision, discipline and retention; and (3) negligence, willful, wanton and reckless conduct. (Doc. 5). Plaintiff seeks compensatory and punitive damages. (Doc. 5, PAGEID #48-49).

The State Defendants move to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim upon which relief may be granted. (Doc. 19).

**II.    ANALYSIS**

    **A.    Standard of review**

When reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, a Court must "construe the complaint in the light most favorable to the plaintiff, accept its

---

[2]It is not clear from the docket whether Defendant Christoper Duncan has been served with the complaint. (See Doc. 7). Defendant Brylen Wilson is not represented by the Ohio Attorney General's office. Wilson was granted an extension of time to respond to the Amended Complaint (Doc. 27), but to date nothing has been filed.

2

allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). "[T]o survive a motion to dismiss, a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

### B. *Leaman* Doctrine

The State Defendants maintain that Plaintiff's Amended Complaint must be dismissed pursuant to the *Leaman* Doctrine.

In *Leaman v. Ohio Dep't of Mental Retardation & Dev. Disabilities*, 825 F.2d 946, 952 (6th Cir. 1987), the Sixth Circuit held that under the Ohio Court of Claims Act, Ohio Revised Code § 2743.02(A)(1), the filing of a lawsuit against the State of Ohio in the Ohio Court of Claims results in a "complete waiver" of any cause of action against a state employee arising out of the same act or omission.[3] Since then, "[t]he Sixth Circuit has consistently applied *Leaman* to bar plaintiffs from bringing suit in federal court against a state employee after bringing suit against the state in the Court of Claims based on the

---

[3] Ohio Revised Code § 2743.02(A)(1) provides that "filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, that the filing party has against any officer or employee."

3

same claim." *Plinton v. Cty. of Summit*, 540 F.3d 459, 463 (6th Cir. 2008); *see also Savage v. Gee*, 665 F.3d 732, 738 (6th Cir. 2012) ("Because we have repeatedly held that federal damages claims against state officials are barred where claims based on the same act or omission were previously raised in the Court of Claims, we agree with the district court's finding that Savage's claims for damages are barred.").[4]

Before his federal complaint was filed, counsel for Plaintiff filed a complaint in the Ohio Court of Claims (Case No. 2022-00557JD) based upon the same set of facts as his federal complaint. (Doc. 19-1). After the State Defendants moved to dismiss Plaintiff's federal complaint, Plaintiff dismissed the Ohio Court of Claims case. (Doc. 19-2). Plaintiff maintains that the Ohio Court of Claims case did not constitute a waiver because he did not allege violations of his constitutional rights or bring any claims against any individual defendants.

However, as this Court has explained, where a plaintiff's federal lawsuit arises from the same acts or omission alleged in the Ohio Court of Claims case: "[A]n identity of claims and defendants is not required" and "[t]he waiver applies to any cause of action, based on the same acts or omissions, which plaintiff may have against any officer or employee of the state." *Smith v. Yost*, No. 1:23-CV-749, 2023 WL 8824832, at *4 (S.D. Ohio Dec. 21, 2023), *report and recommendation adopted*, No. 1:23-CV-749, 2024 WL 3450753 (S.D. Ohio Apr. 30, 2024) (quoting *Easley v. Bauer*, No, 1:07cv37, 2008 WL 618642, at *2 (S.D. Ohio Feb. 29, 2008). Moreover, the dismissal of the Ohio Court of Claims case has no effect on the *Leaman* waiver. Instead, "it is the act of filing a case

---

[4]The Sixth Circuit has held that a plaintiff may proceed in federal court if he seeks equitable relief. *Thomson v. Harmony*, 65 F.3d 1314, 1320-21 (6th Cir.1995). However, Plaintiff only seeks monetary relief in his Amended Complaint.

4

with the Ohio Court of Claims that results in a waiver of federal claims." *Smith*, 2023 WL 8824832, at *5 (citing *Fischer v. Kent State Univ.*, No. 5:09-cv-315, 2010 WL 11519471, at *2 (N.D. Ohio June 18, 2010) ("whether the plaintiff's action in the Ohio Court of Claims is dismissed or still pending is irrelevant, as the waiver is complete upon filing"), *aff'd on other grounds*, 459 F. App'x 508 (6th Cir. 2012)); *see also Thomas v. Ohio Dep't of Rehab. & Correction*, 36 F. Supp. 2d 1005, 1007-1008 (S.D. Ohio 1999) (explaining that the plaintiff waived any cause of action she might have had against her ODRC supervisor by filing nearly identical action against the state in Ohio Court of Claims, even though employee dismissed her Court of Claims suit before it was decided on merits).

Here, the filing of the complaint against the State of Ohio in the Ohio Court of Claims resulted in a "complete waiver" of any cause of action, including federal claims, against a state employee arising out of the same act or omission. Therefore, this Court is bound by Ohio Revised Code § 2743.02(A)(1) and the *Leaman* doctrine. Accordingly, Plaintiff's claims against Defendants Annette Chambers-Smith and Warden Chae Harris are DISMISSED.

**B.     ODRC**

The State Defendants maintain that the ODRC is not a "person" pursuant to 42 U.S.C. § 1983 and therefore Plaintiff's claims against ODRC should be dismissed.

To state a claim under Section 1983, a plaintiff must allege "(1) that there was the deprivation of a right secured by the Constitution and (2) that the deprivation was caused by a person acting under color of state law." *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003). Multiple courts have found that the ODRC is not a "person" within the meaning of Section 1983. *Vizcarrondo v. Ohio Dep't of Rehab. & Corr.*, No.

5

1:18-CV-01255, 2019 WL 6251775, at *5 (N.D. Ohio Nov. 22, 2019) (citing cases). Therefore, Plaintiff's claims against Defendant ODRC are DISMISSED.

## II.   CONCLUSION

Based on the foregoing, the State Defendants' Motion to Dismiss (Doc. 19) is hereby **GRANTED**; and all claims against Defendants ODRC, Annette Chambers-Smith and Chae Harris are **DISMISSED**.

**IT IS SO ORDERED.**

                                          */s/ Michael R. Barrett*
                                        Michael R. Barrett
                                        United States District Judge